IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DURAND B.K. JONES,<br><br>    Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CV. NO. 05-00271 DAE-LEK<br>CR. NO. 00-00484 DAE |

)
)
)
)
)
)
)
)
)
)
)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 1 3 2005

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing. After reviewing Petitioner's motion and the

supporting and opposing memoranda, the Court DENIES Petitioner's Motion to

Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255.

BACKGROUND

On December 20, 2000, Petitioner Durand Jones was indicted for

conspiring to knowingly and intentionally possessing with intent to distribute in

excess of 50 grams or more of methamphetamine, Count 2 of the Indictment.

(Gov't's Resp. to Def.'s Mot. to Vacate, Set Aside or Correct Sentence ("Gov't

Resp." ) at Ex. A.) On October 31, 2001, Petitioner pled guilty to Count 2 of the

Indictment pursuant to a Memorandum of Plea Agreement. Petitioner and his attorney of record at that time, Jeffery T. Arakaki, both signed the Memorandum of Plea Agreement on October 31, 2001. (Gov't Resp. Ex. B at 13.)

In the Memorandum of Plea Agreement, Petitioner admitted that on or about September 25, 1998, he was convicted of promoting a dangerous drug in the third degree. Id. at 5. The government agreed not to file a special information pursuant to 21 U.S.C. §§841(b)(1)(A) and 851 regarding the September 25, 1998 conviction, but stated that the "prior drug felony conviction may be used in determining the applicable guideline range pursuant to . . . the Sentencing Guidelines." Id. at 2. Petitioner admitted that he understood that the penalties for the offense to which he was pleading guilty included possible life imprisonment, with a minimum term of ten years imprisonment. Id. at 3. Petitioner acknowledged that "[i]n making his decision to plead guilty to Count 2 of the Indictment, [he] has had ample opportunity to consult with his undersigned defense attorney, and [he] is satisfied with his defense attorney's legal advice and representation." Id. at 2.

Pursuant to the Sentencing Guidelines, Petitioner was subject to a term of imprisonment of 210 to 262 months. (Gov't Resp. at Ex. C.) However, on April 3, 2003, Petitioner was sentenced to only 120 months, due to the granting of

the government's motion for downward departure based upon Petitioner's

substantial assistance.

Two years after his sentencing, on April 18, 2005, Petitioner, pro se,

filed the instant Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28

U.S.C. §2255, alleging that his trial counsel was ineffective by failing to object to

his criminal history category level and that his sentencing violated the holdings in

the Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542

U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005) cases. The

government filed its response to Petitioner's motion on April 25, 2005.

## STANDARD OF REVIEW

This Court's review of Petitioner's motion is provided for by statute

as follows:

> A prisoner in custody under sentence of a court established
> by Act of Congress claiming the right to be released upon
> the ground that the sentence was imposed in violation of the
> Constitution or laws of the United States, or that the court
> was without jurisdiction to impose such sentence, or that
> the sentence was in excess of the maximum authorized by
> law, or is otherwise subject to collateral attack, may move
> the court which imposed the sentence to vacate, set aside or
> correct the sentence.

28 U.S.C. §2255. The scope of collateral attack of a sentence under §2255 is limited and it does not encompass all claimed errors in conviction and sentencing. United States v. Addonizio, 442 U.S. 178, 185 (1979).

Under §2255, the court shall hold an evidentiary hearing on a petitioner's motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §2255. The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984). The Ninth Circuit has clarified, however, that "[m]erely conclusory statements in a §2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

## DISCUSSION

I.    Petitioner Has Failed to Establish that His Counsel Was Ineffective

Petitioner argues that his counsel was ineffective by failing to object to the criminal history level V since Petitioner did not agree to that level in the Memorandum of Plea Agreement. Petitioner's argument fails.

The United States Supreme Court has interpreted the guarantee of a fair trial in the Sixth Amendment of the United States Constitution to encompass the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 684-685 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. In order to establish a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) in light of all the circumstances, his counsel's performance was outside the "wide range of professionally competent assistance," by identifying specific material errors or omissions; and (2) his defense was so prejudiced by his counsel's errors that there is a reasonable probability that, but for his counsel's deficient representation, the result of the proceedings would have been different. Id. at 687. To successfully demonstrate ineffective assistance of counsel, Petitioner must satisfy both prongs of the test.

Petitioner must also overcome the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690; see also Michel v. Louisiana, 350 U.S. 91, 101 (1955) (defendant must overcome presumption of effectiveness, including the possibility that, under the circumstances, the challenged action might be considered

5

sound trial strategy). Judicial scrutiny of counsel's performance must be highly

deferential and must take into account the facts of the particular case, viewed at the

time of counsel's conduct. See Strickland, 466 U.S. at 689-90.

Here, Petitioner has no support for his allegation of ineffective

assistance of counsel. Instead, the evidence establishes that Petitioner admitted to

the criminal conduct upon which his criminal history level was based and that he

understood that the minimum imprisonment term to which he could be sentenced

was ten years, which is what became his sentence. (Gov't Resp. Exs. B, C.)

Indeed, in the Memorandum of Plea Agreement, Petitioner admitted that on or

about September 25, 1998, he was convicted of Promoting a Dangerous Drug in

the Third Degree. (Gov. Resp. Ex. B ¶8f.) In addition, in his Memorandum in

Support of Motion for Relief Pursuant to 28 U.S.C. §2255, Petitioner does not

deny that he engaged in the underlying criminal conduct, but instead states that he

"admitted to his prior criminal history." Id. at 2. Thus, Petitioner's counsel would

not have had a good faith basis to object to the criminal history level.

Furthermore, Petitioner understood and agreed that "the prior drug

felony conviction may be used in determining the applicable guideline range" and

that the penalties included a minimum imprisonment sentence of ten years and a

maximum of life. (Gov't. Resp. Ex. B ¶¶4, 7.) Finally, Petitioner admitted that he

6

had an opportunity to consult with his attorney and that he was satisfied with his attorney's representation. Thus, Petitioner's allegation that he did not agree to the facts that gave rise to his criminal history level is proven to be false by the clear terms of the Memorandum of Plea Agreement.

Accordingly, this Court finds that Petitioner failed to establish that his counsel was ineffective.

II.    Petitioner's Sentence Does Not Violate the Holdings of the Apprendi, Blakely or Booker Cases

Petitioner appears to allege that his sentence violates the United States Supreme Court's holdings in Apprendi, Blakely, and Booker since his criminal history level was increased based upon his prior conviction. Under Apprendi, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490 (emphasis added). In Blakely, the Court held that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" Id. at 2537 (emphasis in original). In Booker, the Court severed the mandatory provisions from the Sentencing

Reform Act and consequently the sentencing guidelines became advisory. 125 S. Ct. at 757.

Here, Petitioner has only complained about the use of his prior conviction. Use of a prior conviction, however, is clearly excluded from the Apprendi requirement of submitting facts to a jury. Furthermore, Petitioner's conviction was included in the plea agreement that Petitioner signed and he admitted to his prior criminal history in this instant motion. Thus, Petitioner was sentenced based upon facts to which he admitted, as required by Blakely. Moreover, Apprendi and Blakely apply only where the court imposes a sentence beyond the statutory maximum. Petitioner was sentenced to the statutory minimum of 120 months (10 years), not the statutory maximum of life imprisonment. Accordingly, there is no Apprendi or Blakely error regarding these facts. Finally, Blakely and Booker are not applicable to Petitioner because it is well established that the holdings may not be applied retroactively to cases on collateral review. See, e.g., Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004) ( "The Supreme Court has not made Blakely retroactive to cases on collateral review"); Bey v. U.S., 399 F.3d 1266, 1269 (10th Cir. 2005) ("The Court decided Booker on direct appeal and did not expressly declare, nor has it since declared, that Booker should be applied retroactively to cases on collateral

8

review."); <u>Valera v. United States</u>, 400 F. 3d 864, 868 (11th Cir. 2005) ("we conclude that <u>Booker's</u> constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review."); <u>McReynolds v. United States</u>, 397 F.3d 479,481 (7th Cir. 2005) ("<u>Booker</u> does not apply retroactively to criminal cases that became final before its release on January 12, 2005."); <u>Green v. United States</u>, 397 F. 3d 101 (2nd Cir. 2005) (authority to file a second or successive §2255 motion to vacate is not granted, based on either <u>Booker</u> or <u>Blakely</u>.)

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii,  OCT 1 3 2005 _____.

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

<u>Durand B.K. Jones v. United States of America</u>, CV. NO. 05-00271 DAE-LEK, CR. NO. 00-00484 DAE; ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

9